UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| E&I GLOBAL ENERGY SERVICES, INC. and E&C GLOBAL, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE CO.,<br><br>Defendant. | 4:20-CV-04033-KES<br><br>ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER; DENYING PLAINTIFFS' MOTION TO ORDER EXPERT REPORT OR TO LIMIT MATTINGLY'S TESTIMONY TO LAY PERSON TESTIMONY; and DENYING PLAINTIFFS' MOTION TO COMPEL |

**BACKGROUND**

This case centers around a government project for a substation—the VT Hanlon Substation. *See* Docket 43 ¶ 3; Docket 44 ¶ 3. Plaintiffs E&I Global Energy Services, Inc. and E&C Global, LLC, (collectively E&I) sue Liberty Mutual Insurance Co. on five grounds, including breach of contract and fraud. *See* Docket 43 at 9-12. On June 7, 2021—E&I's deadline to submit expert identities and retained experts under Rule 26(a)(2)—E&I timely served Aaron Raddock's identity and report. *See* Docket 48 at 2-3; Docket 54 at 3. On October 29, 2021, E&I served a second witness designation form for Raddock—but not his report—and noted in its designation that "If called at trial, Mr. Raddock will testify in accordance with the report attached to Plaintiffs' first designation of expert witness testimony *in addition to lost enterprise value.*" Docket 49-4 at 2 (emphasis added). On December 15, 2021, E&I served Raddock's second report. Docket 48 at 4; Docket 54 at 3.

1

Liberty filed a motion to exclude Raddock's second report as untimely. Docket 47 at 1. The court granted Liberty's motion, finding that "E&I's failure to timely submit Raddock's December 15 report is neither substantially justified nor harmless." *See* Docket 60 at 23.

E&I now moves the court to reconsider its decision to exclude Raddock's second report. Docket 74 at 1. E&I further asks the court to "limit Liberty Mutual's expert to testimony for which the court finds he is sufficiently qualified to testify and that which Liberty Mutual has disclosed." *Id.* As part of this request, E&I requests that the court "order Liberty Mutual to disclose its expert's rebuttal report, so E&I can prepare for trial, or else issue an order limiting Mr. Mattingly to his factual testimony and opinions the court finds him sufficiently knowledgeable to testify." Docket 75 at 16. Finally, E&I moves the court to "order Liberty Mutual to supplement its document production to provide documents responsive to E&I's Request for production." Docket 74 at 1. The court addresses these three motions in turn.

## DISCUSSION

I. **Motion to Reconsider**

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a[n] . . . order" based on at least one of six enumerated reasons. Fed. R. Civ. Proc. 60(b). "A district court should grant a Rule 60(b) motion 'only upon an adequate showing of exceptional circumstances.' " *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997) (quoting *United States v. Tracts 10 & 11 of Lakeview Heights*, 51 F.3d 117, 120 (8th Cir.

1995)). The court has "wide discretion" in ruling on a Rule 60(b) motion. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008). Rule 60(b) motions do not allow for movants to simply relitigate issues a district court has already ruled on. *See In re SDDS, Inc.*, 225 F.3d 970, 972 (8th Cir. 2000).

  Here, E&I largely fails to present any new argument or fact that it could not have made at the time it litigated this issue initially. Instead, E&I mostly repeats its arguments. For example, in its motion to reconsider, E&I again argues that it timely served Aaron Raddock's Supplemental Expert Disclosure on October 29, 2021. *See* Docket 75 at 4. But E&I made this argument initially, and the court already rejected it in its initial order. *See, e.g.*, Docket 54 at 3; Docket 60 at 9 n.3. Similarly, E&I repeats its argument that it put Liberty "on notice" on October 29, 2021, when it provided Raddock's Supplemental Expert Disclosure, and thus Liberty's "silence" in not objecting establishes that Liberty acquiesced to Raddock's upcoming report. *See* Docket 75 at 11-12; Docket 54 at 3. E&I also provides the court with extensive email correspondence between E&I and Liberty's counsel. *See, e.g.*, Docket 75-1; Docket 75-2. But E&I could have included these emails in its original opposition to Liberty's motion to exclude, and it did not. E&I further re-asserts that the prejudice to it is significant, and that the court should have considered a less harsh sanction. *See* Docket 75 at 8-9. But the court already balanced the equities involved in the case and will not re-engage in its analysis. *See* Docket 60 at 16-26. The court finds these arguments insufficient to warrant reconsideration.

E&I does raise a few new arguments, but these arguments either (1) were available to E&I at the time it litigated this issue; or (2) do not rise to the level of "exceptional circumstances" required under Rule 60(b). E&I argues for the first time that the impacts of COVID-19 impacted its counsel's ability to meet deadlines. *See* Docket 75 at 13. But E&I never made this argument—even though it could have—and thus the court will not consider it now. E&I also argues that Liberty failed to comply with Local Rule 37.1 because Liberty never conferred with E&I before filing its motion to exclude Raddock's second supplemental report. *See* Docket 75 at 13-14. Local Rule 37.1 provides:

> A party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute. If the court schedules a hearing on the motion, at least 7 calendar days prior to the hearing, or sooner as the court may require, the parties must file a statement setting forth the matters upon which they have been unable to agree.

Although E&I did argue initially that Liberty failed to meet and confer prior to Liberty filing its motion to exclude Raddock's second report, E&I did not cite Local Rule 37.1. As a result, the court did not consider Local Rule 37.1 in its analysis and concluded in a footnote that because Federal Rule of Civil Procedure Rule 37 did not require such conferral, Liberty was not obligated to do so. *See* Docket 60 at 21 n.5. By its express terms, Local Rule 37.1 applies to "discovery disputes," and discovery disputes fall under Federal Rule of Civil Procedure 37(a). Indeed, Local Rule 37.1 is a supplement to Federal Rule of Civil Procedure 37(a)(1), which requires that before filing a motion to compel discovery, that motion "must include a certification that the movant has in

4

good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See* Fed. R. Civ. Proc. 37(a)(1); *Rosane v. Shannon Cty. Sch. Dist. 65-1*, 2012 WL 3637191 (D.S.D. Aug. 21, 2012), at *2 (analyzing Federal Rule of Procedure 37(a)(1) with Local Rule 37.1). The motion here is based on a failure to disclose, which falls under Federal Rule of Civil Procedure 37(c), which does not have a meet and confer requirement. *See Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 707 (8th Cir. 2018). The meet and confer requirement only applies to motions to compel discovery. *See, e.g., Black Hills Molding, Inc. v. Brandom Holdings, LLC*, 295 F.R.D. 403, 409 (D.S.D. 2013) (noting conferral requirement applies to motions to compel disclosure); *Highmark Inc. v. Northwest Pipe Co.*, 2012 WL 997007 (D.S.D. March 23, 2012), at *4 ("Local Rule 37.1 requires the parties to make a good faith effort to resolve any discovery dispute *prior to filing a motion to compel*." (emphasis added)). Thus, the court rejects E&I's argument that Liberty violated Local Rule 37.1.

But even if Local Rule 37.1 did apply, Liberty's failure to confer with E&I about E&I's late expert disclosure, in this context, does not rise to an exceptional circumstance warranting reconsideration. *Cf. Reasonover v. St. Louis Cty, Mo.*, 447 F.3d 569, 579 (8th Cir. 2006) ("District courts have broad discretion to set filing deadlines and enforce local rules."); *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) ("The application of local rules is a matter peculiarly within the district court's province.") (internal quotation omitted).

5

Next, E&I, for the first time, argues that "[s]ince this case will be tried to the Court and not a jury, there is no risk of confusion of issues regarding lost enterprise value." *See* Docket 87 at 3. Although the court had yet to order the parties try the case as a bench trial rather than jury trial (and thus it may be the case that E&I could not have made this argument at the time it originally litigated this issue), this argument ignores the basis of the court's original ruling—namely that E&I was not substantially justified in untimely filing Raddock's second disclosure and report on lost enterprise value, and that its failure was not harmless. *See* Docket 70 (order clarifying the case will be a bench trial on December 12, 2022); Docket 54 (E&I's February 15, 2022, response opposing Liberty's motion to exclude Raddock's second report). The court balanced the four relevant factors and concluded the prejudice to Liberty, among other reasons, justified exclusion of Raddock's second report. *See* Docket 60 at 23-24. Nothing about the court's order hinged on whether there would be a risk of confusion amongst the jury. The court rejects E&I's argument to the contrary.

Finally, E&I argues that it would be a manifest injustice to preclude Raddock's second report because E&I could potentially recover "nearly $40 million in potential damages" based on Raddock's opinion on the lost enterprise value. *See* Docket 75 at 8-9. But this potential—and significant—amount of damages further underscores why it is puzzling that E&I failed to timely submit Raddock's lost enterprise opinion despite timely submitting Raddock's initial opinion. Raddock had access to, or could have had access to,

6

all the information he relied on to form his lost enterprise opinion at the time he submitted his original report. *See* Docket 60 at 17. The court recognizes E&I cannot recover additional damages it might have been able to had it timely submitted Raddock's second report. But E&I's counsel is ultimately responsible for following the Rules of Civil Procedure, and the failure to do so has potential consequences such as exclusion of untimely expert reports.

## II.  Defense witness David Mattingly

E&I seeks the court to "either limit Mr. Mattingly to testifying as a fact witness, or order E&I to disclose a report, signed by Mr. Mattingly, regarding his opinions." Docket 75 at 14. Liberty argues that it need not disclose a report of his opinions because Liberty did not "retain[] or specially employ[]" him. *See* Docket 76 at 16 (quoting Fed. R. Civ. Proc. 26(a)(2)(B)). Both parties agree that Liberty disclosed Mattingly as an expert and that Liberty provided E&I with a disclosure identifying David Mattingly as a construction manager for Professional Construction Consulting Inc. (PC2).[1] *See* Docket 75 at 14; Docket 76 at 17. Both sides further agree that Liberty has not provided E&I with a written expert report. *See* Docket 75 at 14; Docket 76 at 16.

The issue here is whether Mattingly is "retained or specially employed to provide expert testimony in the case[.]" *See* Fed. R. Civ. Proc. 26(a)(2)(B). If so, Mattingly is required to provide a written report. *See id.* But if not, Mattingly

---

[1] As explained more thoroughly in the court's order on Liberty's partial summary judgment motion, Liberty hired PC2 to negotiate the Completion Agreement with E&I. Docket 43 at 3; Docket 44 at 3. Mattingly negotiated with E&I on Liberty's behalf. Docket 52 ¶ 7; Docket 55 ¶ 7.

need not provide a written report and instead need only provide a disclosure stating "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705[,]" as well as "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. Proc. 26(a)(2)(C); *see also Vanderberg*, 906 F.3d at 703-04; *Crump v. Versa Products, Inc.*, 400 F.3d 1104, 1110 (8th Cir. 2005).

Determining whether an expert is subject to the written report requirement under Rule 26(a)(2)(B) depends on whether the expert's opinion "arises not from his enlistment as an expert, but rather, from his ground-level involvement in the events giving rise to the litigation." *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011). Thus, so long as the expert's opinion is "premised on personal knowledge and observations made in the course of [the expert's involvement in the case], no report is required under the terms of Rule 26(a)(2)(B)." *Id.* at 7. In *Downey,* an exterminator was not an expert specifically retained for the purposes of testifying in a case where the plaintiff alleged that a furniture store sold a set infested with bedbugs because he formed his opinion about the cause of the infestation "based on his personal knowledge and information gleaned in the course of his initial inspection and related efforts to remediate the problem." *Id.* at 3, 8. Thus, he did not need to provide an expert report. *Id.* at 8*; see also Brandt Distributing Co., Inc. v. Fed. Ins. Co.*, 247 F.3d 822, 825-26 (8th Cir. 2001) (finding captain of fire department who investigated fire in course of his

official capacity with fire department was not "retained" and thus did not need to disclose written report of opinion regarding whether the fire involved fraud).

A treating physician presents a common situation in which this distinction arises. In that context, an expert treating physician need not provide a written report to the extent that his opinions were formed during the course of treatment. *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007) (concluding treating physician did not need to file Rule 26(a)(2) expert report because the physician "formed his opinions as to causation at the time that he treated [plaintiff] and there is no evidence that [the physician] formed his opinion at the request of [plaintiff's] counsel."). But if the treating physician did not form her opinion based in the ordinary course of her treatment of the patient and instead relied on facts made known to her by counsel, she is "retained" and thus required to submit a written report under Rule 26(a)(2)(B). *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011); *see also Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010) ("[A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2).").

Courts have specifically applied this distinction in breach of contract cases—similar to the case at issue here. *See, e.g., Am. Property Const. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1, 4 (D.C.C. 2011) (no expert report required

9

when contractors base opinions on their actual performance of construction work or inspection of premises); *Full Faith Church of Love W., Inc. v. Hoover Treated Wood Prods., Inc.*, No. 01 Civ. 2597, 2003 WL 169015, at *2 (D.Kan. Jan. 23, 2003) (no expert report required where general contractors' testimony would be based on "facts which they learned during the course of their work as general contractors," including the scope of the problem and the purpose and reasonableness of repairs); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 07 Civ. 947, 2009 WL 1139575, at *4–5 (M.D.Fla. Apr. 27, 2009) (no expert report required of replacement contractor where testimony would be limited to information obtained and opinions formed in his role as a contractor); *Beechgrove Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating & Air–Conditioning, Inc.*, No. 07 Civ. 8446, 2009 WL 981724, at *6 (E.D.La. Apr. 9, 2009) ("hybrid fact-opinion testimony" as to factual observations and professional analyses rendered during renovation project admissible despite the lack of expert reports).

      With these above examples in mind, the evidence indicates that Mattingly directly engaged in the negotiations between PC2, Liberty, and E&I. *See* Docket 52 ¶ 7; Docket 55 ¶ 7. Mattingly's testimony, according to Liberty's expert disclosure, will be about his role as a consultant and the opinions he formed as a result of his direct participation with the VT Hanlon Substation project. Docket 75-4 at 2. This involvement mirrors the exterminator's involvement in *Downey*, the fire captain's involvement in *Brandt*, and the physician's involvement in *Fielden*. *See Downey*, 633 F.3d at 3, 6-7; *Brandt*, 247 F.3d at

825; *Fielden*, 482 F.3d at 869-72. The court is unaware of any evidence that Liberty's counsel requested Mattingly to form an opinion in this case, at least as it relates to Mattingly's expected testimony set forth in the two main paragraphs in page 2 of his disclosures. *See Fielden*, 482 F.3d at 869. Thus, so long as Mattingly formed his expert opinion during the course of his direct dealings as a PC2 consultant in this case, the court finds that he is not subject to the written report requirement under Federal Rule of Civil Procedure 26(a)(2)(B).

Mattingly's proposed rebuttal testimony, however, is a closer call: to the extent that Mattingly's rebuttal testimony strays beyond the opinions that he formed during his role as a consultant for PC2, Mattingly would be properly considered "retained" and thus subject to the written report requirement under Federal Rule of Civil Procedure Rule 26(a)(2)(B). For example, testimony that relies on Mattingly having read Raddock's expert report and testimony based on new facts that Mattingly only learned about from reading Raddock's expert report would require an expert report. In that sense, he would be coming to the case "as a stranger" by drawing an opinion "from facts supplied by others, in preparation for trial[,]" because Mattingly of course did not know of Raddock's report during the course of Mattingly's involvement in this case. *See Downey*, 633 F.3d at 7.

Thus, the court denies E&I's request for Mattingly to provide an expert report because Mattingly's on-the-ground involvement in the case formed the basis of his proposed testimony. The court's ruling is premised, however, on

11

Liberty's representations of his proposed expert testimony, and thus to the extent E&I believes his expert opinion at trial exceeds the scope of his direct participation in the facts of this case, E&I is free to renew its objection at that time.

### III.   Discovery Dispute

Finally, E&I seeks the court "to order Liberty Mutual to supplement its document production to respond to E&I's Second Request for Production . . . ." Docket 75 at 8. Motions to compel filed after discovery deadlines are generally untimely. *See Voter v. Avera Brookings Med. Clinic*, 2008 WL 4372707, at *1 (D.S.D. Sept. 22, 2008).

Here, the deadline for concluding discovery was originally October 29, 2021, and the court re-opened discovery for limited purposes of deposing PC2's corporate representative and extended the deadline to February 15, 2022. Docket 46. E&I filed its motion to compel on December 23, 2022. *See* Docket 74. Thus, even assuming E&I's motion to compel falls within the narrow February 15, 2022, discovery deadline rather than the October 29, 2021, deadline, E&I's motion to compel is over eight months past the February 15, 2022, discovery deadline. E&I provides no explanation for why it waited so long to bring this matter to the court's attention. The court sees none, given that Liberty submitted its responses to E&I's Second Set of Production requests on July 16, 2021. *See* Docket 75-16 at 1, 35.  E&I had more than sufficient time to object after receiving Liberty's responses on July 16, 2021. The court exercises its broad discretion in declining to entertain E&I's significantly late-

in-time motion to compel. *See Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013). This case is set for trial in less than a month; the court denies any request to re-open discovery disputes this late in the case.

## CONCLUSION

The court denies E&I's motion to reconsider. The court further denies E&I's motions requesting Liberty to supply an expert report regarding Mattingly's proposed testimony as outlined in his expert disclosure or requesting the court to limit his testimony to lay-person testimony. Finally, the court denies E&I's motion to compel because it is untimely. Thus, it is

ORDERED that E&I's motion to reconsider the court's decision in Docket 60 is DENIED;

IT IS FURTHER ORDERED that E&I's motion requesting Liberty supply an expert report for Mattingly's proposed testimony as outlined in his expert witness disclosures and E&I's alternative motion for the court to limit Mattingly's testimony as solely a fact witness are both DENIED; and

IT IS FURTHER ORDERED that E&I's motion to compel is DENIED.

Dated January 24, 2023.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE