UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| E&I GLOBAL ENERGY SERVICES, INC. and E&C GLOBAL, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE CO.,<br><br>Defendant. | 4:20-CV-04033-KES<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART LIBERTY'S MOTION FOR ATTORNEYS' FEES AND COSTS |

**BACKGROUND**

This case began over three years ago, when E&I Global Energy Services, Inc. and E&C Global, LLC (collectively "plaintiffs") filed their original complaint. Docket 1. The parties engaged in significant pre-trial motion practice that included litigating, among other items: Defendant, Liberty Mutual Insurance Co.'s, partial motion for summary judgment, Liberty's motion to exclude plaintiffs' expert report, the issue of whether plaintiffs are entitled to a jury trial, the issue of whether plaintiffs timely disclosed thousands of exhibits and dozens of witnesses, plaintiffs' motion to reconsider, plaintiffs' motion to compel, and the issue of whether the court should consider plaintiffs' designated deposition testimony. *See* Dockets 60, 70-71, 84-85, 88, 89, 95 at 4-7 (discussing exhibit list), 15-42 (pretrial conference discussing the issue of which witnesses to strike); Docket 110 at 5-8 (pretrial conference discussing deposition designation request). The court then held a four-day bench trial. *See* Docket 106. The parties submitted post-trial briefs and responses to each

other's briefs. *See* Dockets 114-17. The court then issued its findings of facts and conclusions of law, ultimately finding Liberty not liable on all of plaintiffs' counts. *See* Docket 118.

Liberty moves for an award of attorneys' fees and costs against E&C under Federal Rule of Civil Procedure 54(d) and the Completion Agreement.[1] *See* Dockets 122-23. E&C failed to respond and has thus waived any objections to Liberty's motion.

### DISCUSSION

Federal Rule of Civil Procedure 54(d)(2) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2). "State law governs the availability of attorney fees in diversity cases where no conflicting federal statute or court rule applies." *Ryan Data Exch., Ltd. v. Graco, Inc.*, 913 F.3d 726, 735 (8th Cir. 2019) (quoting *Burlington N. R.R. Co. v. Farmers Union Oil Co. of Rolla*, 207 F.3d 526, 534 (8th Cir. 2000)). Under South Dakota law, " '[a]s a rule, attorney fees may only be awarded by contract or when explicitly authorized by statute.' " *Matter of Est. of O'Keefe*, 583 N.W.2d 138, 142 (S.D. 1998) (quoting *Schuldies v. Miller*, 555 N.W.2d 90, 100 (S.D. 1996)). "[E]ven if no statute authorizes an award of attorneys' fees, 'they are recoverable if the parties' contract so

---

[1] Liberty initially moved for attorney's fees under Federal Rule of Civil Procedure 68 but withdrew this specific request after subsequently finding authority that prevents such a request. *See* Docket 131. For this reason, the court only considers Liberty's request for attorney's fees under Rule 54(d).

2

provides.' " *Arrowhead Ridge I, LLC v. Cold Stone Creamery, Inc.*, 800 N.W.2d 730, 737 (S.D. 2011) (quoting *Credit Collection Servs., Inc. v. Pesicka*, 721 N.W.2d 474, 477 (S.D. 2006)). "The party requesting an award of attorneys' fees has the burden to show its basis by a preponderance of the evidence." *Id.*

Here, Liberty entered into a contract with E&C that provides: "In any dispute between Completion Contractor, Obligee, and/or Sureties, the prevailing party will recover from the non-prevailing party the party's reasonable and necessary attorney's fees and costs, including, but not limited to, expert witness fees." Docket 108 at 146. The Completion Contract defines E&C as the "Completion Contractor" and Liberty as a "Suret[y]." *See id.* at 134. Because the case here was between E&C and Liberty, the prevailing party is entitled to reasonable and necessary attorneys' fees and costs. *Id.* at 146; *see also In re S.D. Microsoft Antitrust Litig.*, 707 N.W.2d 85, 98 (S.D. 2005) (recognizing that a contractual agreement between parties entitles the prevailing party to attorneys' fees). Whereas here, when the governing contract does not define the phrase "prevailing party," South Dakota courts primarily consider the prevailing party to be "the party in whose favor the decision or verdict is or should be rendered and judgment entered[.]" *Stern Oil Co, Inc. v. Brown*, 908 N.W.2d 144, 160 (S.D. 2018) (quoting *Geraets v. Halter*, 588 N.W.2d 231, 235 (S.D. 1999). Because the court found Liberty not liable on all of E&C's counts, Liberty is plainly the prevailing party. *See id.;* Dockets 118-19.

The Completion Agreement entitles Liberty to reasonable and necessary attorneys' fees and costs. Docket 108 at 146. Liberty moves for a total of $347,784.61 in attorneys' fees and costs. Docket 122. The court first must determine a reasonable hourly fee and reasonable number of hours worked. *In re S.D. Microsoft Antitrust Litig., Inc.*, 707 N.W.2d at 99.

### A. Rates

Even though E&C failed to object to Liberty's motion, the court must independently determine whether Liberty's counsels' hourly rates are reasonable. *See Atmosphere Hosp. Mgmt., LLC v. Shiba Inv., Inc.*, 2018 WL 3626326, at *4 (D.S.D. July 30, 2018). The court can rely on its own knowledge of the market. *See id.*

Liberty's counsel seeks the following rates for each of its attorneys and a paralegal.

| | |
|---|---|
| Manier & Herod Partner | $ 295/hr before January 1, 2022, $ 305/hr on and after January 1, 2022 |
| Manier & Herod Associate | $ 250/hr January 1, 2022, $260/hr on and after January 1, 2022 |
| Manier & Herod Paralegal | $ 145/hr January 1, 2022, $155/hr on and after January 1, 2022 |
| Timothy Billion (as an associate) | $ 295/hr |
| Timothy Billion (as a partner) | $ 400/hr in 2022, $ 450/hr in 2023 |
| Erica Ramsey (as partner) | $ 540/hr |
| Robins Kaplan Paralegal | $ 210/hr |
| Robins Kaplan Administrative Assistant | $ 100/hr |

*See* Docket 125 ¶ 7; Docket 126 ¶ 6.

Based on the court's knowledge of prevailing rates in the District of South Dakota for similar work, the court concludes that the hourly rates

quoted for the attorneys and paralegals with Manier & Herod are reasonable. *See SD Voice v. Noem*, 2020 WL 104385, at *5-6 (D.S.D. Jan. 9, 2020) (finding $300/hr to be reasonable back in 2020). The rates for Robins Kaplan's attorneys and paralegals are higher than most local rates of which the court is currently aware. Other than Tim Billion's assertion that "[t]hese rates are appropriate and reasonable for the services provided and for the geographic area and market[,]" Liberty has not provided the court with any evidence of why these rates are reasonable, including evidence of other local attorneys and support staff charging similar rates.

Although the court acknowledges that the Robins Kaplan attorneys are experienced, they did not act as lead counsel in this case, but rather local counsel. *See generally* Dockets 110-13 (showing Melissa Lee performed the majority of the tasks at trial). Further, this case did not involve a highly specialized area of law but rather breach of contract, fraud, and negligent misrepresentation claims. *See Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.*, 2017 WL 1052575, at *7 (D.S.D. Mar. 20, 2017) (concluding $435 hourly rate in 2017 to be reasonable given the case dealt with the "specialized area of practice" of trademark litigation); *Jim Hawk Truck-Trailers of Sioux Falls, Inc. v. Crossroads Trailer Sales & Servs., Inc.*, 2023 WL 1825078, at *1-2 (D.S.D. Feb. 8, 2023) (finding rates of $ 350/hr for attorney and $150/hr for paralegal reasonable based on the case involving specialized area of trade secrets).

5

Thus, the court exercises its discretion and reduces the rates of the Robins Kaplan attorneys and support staff to roughly match the rates Manier & Herod charged. The court reduces the rates to the following:

| | |
|---|---|
| Timothy Billion (as an associate) | $ 260/hr |
| Timothy Billion (as a partner) | $ 350/ hr (regardless of year) |
| Erica Ramsey (as partner) | $ 350/hr |
| Robins Kaplan Paralegal | $ 155/hr |
| Robins Kaplan Administrative Assistant | $ 80/hr |

**B. Hours**

The court next determines whether the number of hours defendants' attorneys and paralegals submitted is reasonable. The court notes that it spent a considerable amount of time on its own attempting to make sense of plaintiffs' filings throughout this litigation. The court often found plaintiffs' filings and arguments to be scattered, disorganized, and incomplete. As outlined above, the parties engaged in extensive pre-trial motion practice as well. Plaintiffs do not dispute the number of hours spent by defendants' attorneys. For these reasons, the court finds the number of hours Liberty seeks to be reasonable.

**C. Other Factors**

The court now considers whether to adjust the amount of attorneys' fees and costs based on the following factors:

> The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the

6

> results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

*City of Sioux Falls v. Kelley*, 513 N.W.2d 97, 111 (S.D. 1994). The court finds the first factor does not affect the rate because, although it involved a relatively non-complicated area of doctrine (breach of contracts and traditional torts), the litigation required significant time, as explained above. The second factor does not affect the rate because the court does not find that Liberty ought to have suspected that other opportunities for employment were precluded from either Manier & Herod or Robins Kaplan. The court has accounted for the third factor—the customary rate in South Dakota—because it decreased the hourly rates sought by Robins Kaplan's attorneys and support staff. With respect to the fourth factor, the attorneys' fees and costs here are significant, even with the reductions outlined above, but part of that is due to the fact that this case required a significant amount of pre-trial litigation and a trial. The record does not show how factors five and six are particularly pertinent, and thus they do not alter the court's calculation. With respect to factor seven, the court has acknowledged that both attorneys from Robins Kaplan are experienced lawyers. That is also true of the lead counsel, Melissa Lee. *See* Docket 125 at 1 (Melissa Lee stated her practice focuses "exclusively on representing sureties such as Liberty in litigation and other disputes throughout the country"). Finally, the fee is fixed, which is standard for defense-sided attorneys. In summary, none of these factors cause the court to change the amount of attorneys' fees and costs

7

generated from multiplying the above rates and the above number of hours requested.

## CONCLUSION

The method by which Liberty submitted its supporting documentation for attorneys' fees and costs does not lend itself to easily determine how the reduced hourly rates for Robins Kaplan attorneys and support staff affect Liberty's total attorneys' fees and costs. Thus, the court orders Liberty to submit an updated amount of fees and costs requested, accounting for the reduced hourly rates for the attorneys and support staff at Robins Kaplan. The hourly rates associated with Manier & Herod may remain, as well as the number of hours spent by all attorneys and support staff (from both law firms).

For the above reasons, it is

ORDERED that Liberty's motion for attorneys' fees and costs is granted in part and denied in part;

IT IS FURTHER ORDERED that Liberty submit an updated amount of fees and costs requested, accounting for the reduced hourly rates for the attorneys and support staff at Robins Kaplan.

Dated December 20, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE